IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LUANN WHITE,

     Plaintiff,

     v.

PILOT CATASTROPHE SERVICES,
INC.,

     Defendant.

CASE No. 2025 - 0225-KD-N

## I.    NATURE OF THE ACTION

This is an action for discrimination based on sex and age, and for retaliation, in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and Section 1981, arising from Plaintiff's unlawful demotion and constructive discharge after over two decades of successful service.

Plaintiff also seeks redress for a hostile work environment, unequal pay and benefits, and disparate treatment regarding job duties, promotions, and working conditions.

## II.    JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. § 1331 and 1343, 42 U.S.C. § 2000e-5(f)(3), and 29 U.S.C. § 626(c)(1).

Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in Mobile, Alabama.

1

Plaintiff has exhausted all administrative remedies. She filed timely charges of discrimination and retaliation with the EEOC and received a Notice of Right to Sue dated March 28, 2025.

## III.   PARTIES

Plaintiff Luann White is a citizen and resident of Texas. She was employed by Defendant Pilot Catastrophe Services, Inc. ("Pilot") from 2004 until her constructive discharge in 2024.

Defendant Pilot is a corporation headquartered in Mobile, Alabama, and employs over 500 individuals. It is an "employer" within the meaning of Title VII and the ADEA.

## IV.   STATEMENT OF FACTS

Plaintiff began working for Defendant in 2004 and excelled across several departments, eventually becoming a Quality Control Trainer responsible for developing and delivering training for the auto supplement inside adjuster unit. In 2015, she was invited by senior leadership to help create a new department in Mobile, Alabama. She played a key role in growing it into a core division employing over 500 people.

In 2023, Plaintiff's manager, Jonathan Oertel, began assigning her responsibilities to a younger, less-experienced female employee, Melinda Hackenbruch, without explanation. Ms. Hackenbruch was approximately 20 years younger and was brought in without undergoing training or having relevant qualifications.

2

Plaintiff was directed to train Ms. Hackenbruch using materials Plaintiff created. Despite her objections and concerns that she was being replaced, management ignored her.

Plaintiff was progressively excluded from meetings and job duties she had historically led. When she raised concerns with HR and management, she was ignored or told she was "being sensitive."

Despite never having any performance issues, Plaintiff was demoted on March 25, 2024, to an entry-level adjuster position that she once trained others for, accompanied by a significant pay cut. She was given the option to accept the demotion or leave.

Plaintiff was constructively discharged due to the retaliatory and discriminatory environment created by management.

Plaintiff was treated differently than male colleagues with regard to remote work opportunities and per diem eligibility, despite similarly situated male employees being allowed those benefits.

Plaintiff was denied per diem based on alleged residency issues while a male employee, Craig Bush, who also owned property in both Texas and Alabama, was permitted to receive per diem.

Plaintiff was denied per diem while male employee, Travis Irvin, was permitted to receive per diem. Travis Irvin and Plaintiff were provided a new deployment confirmation in January 2024, on the same day. Male coworker Travis Irvin was allowed to bill per diem as Plaintiff was denied the same opportunity.

3

Male coworkers, including Jason Smith, were allowed to work remotely full time, while Plaintiff's requests were denied despite fewer responsibilities and adequate technological capability.

## V. CLAIMS FOR RELIEF

### COUNT I – SEX DISCRIMINATION – Title VII (42 U.S.C. § 2000e)

Defendant treated Plaintiff differently from similarly situated male employees with respect to benefits, assignments, and remote work.

Defendant's conduct constitutes unlawful sex-based discrimination under Title VII.

### COUNT II – AGE DISCRIMINATION – ADEA (29 U.S.C. § 621 et seq.)

Plaintiff was over 40 years of age at all relevant times, and Defendant replaced or attempted to replace Plaintiff with a substantially younger employee. The demotion and constructive termination were based on Plaintiff's age.

### COUNT III – RETALIATION – Title VII, ADEA, Section 1981

Plaintiff engaged in protected activity by complaining to management and HR about discrimination.

Defendant retaliated against Plaintiff by stripping her responsibilities, excluding her from meetings, and ultimately demoting and constructively discharging her.

### COUNT IV – HOSTILE WORK ENVIRONMENT

Defendant's conduct created a hostile, offensive, and intimidating work environment based on Plaintiff's sex, age, and protected activity.

4

The environment was so severe and pervasive that it altered the conditions of Plaintiff's employment and resulted in her constructive discharge.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in her favor on all claims;

B. Declare that Defendant's conduct violated Title VII, the ADEA, and Section 1981;

C. Award Plaintiff back pay, front pay, and lost benefits;

D. Award compensatory and punitive damages in an amount to be determined by a jury;

E. Grant such other relief as the Court deems just and proper.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

_____Luann White_____  -----------------------------

Luann White

1570 Vassar Court

Mobile, AL 36695

817-673-9966